IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| JOHN PATRICK RAYNOR, | ) | |
| | ) | CASE NO. BK04-83112-TJM |
| Debtor(s). | ) | A09-8068-TJM |
| JOHN PATRICK RAYNOR, | ) | |
| | ) | |
| Plaintiff, | ) | CH. 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| FIRST STATE BANK, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is before the court on First State Bank's motion to dismiss this adversary proceeding (Fil. #5) and resistance by the plaintiff (Fil. #9). The plaintiff represents himself, and Steven P. Vinton represents First State Bank. Briefs[1] were filed and, pursuant to the court's authority, the motion was taken under advisement without oral arguments.

The motion is granted.

Prior to filing bankruptcy, the debtor-plaintiff was a member of A & G Precision Parts Finance L.L.C., and A & G Precision Parts L.L.C. He guaranteed a $2.1 million loan from Five Points Bank. When he filed his bankruptcy petition, the loan was included in his schedules. On October 12, 2005, the debtor received a Chapter 7 discharge. Debtor alleges in his adversary complaint that under pressure from Five Points Bank, he signed another guaranty of the loan in January 2006. Thereafter, Five Points Bank threatened to take action to collect from the guarantors, so on March 30, 2008, the A & G entities and their members refinanced, borrowing $1.5 million from First State Bank. Under the terms of the loan agreement, the debtor's failure to repay or refinance his share of the First State Bank debt by December 31, 2008, would result in forfeiture of his ownership interest for the benefit of a member who had essentially guaranteed the full amount of the loan. He alleges that he was forced out of the A & G businesses in August 2008 and the businesses closed for lack of funding. First State Bank filed a lawsuit in state court in February 2009 against the A & G entities and their members to recover the amount due on the loan. The debtor filed this adversary proceeding seeking a declaratory judgment that his liability on the debt to the

---

[1]The debtor also filed a declaration in support of his resistance, but because a Rule 12(b)(6) goes only to the sufficiency of the allegations in the complaint, no evidence beyond what was attached to the complaint was considered.

defendant bank was discharged in his bankruptcy case. The bank filed a motion to dismiss the adversary proceeding under Federal Rule of Bankruptcy Procedure 7012 and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, on the grounds that First State Bank is a post-discharge lender for new consideration.

Federal procedural rules require a complaint to "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Fed. R. Bankr. P. 7008(a). The court accepts "as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008).

The United States Supreme Court recently modified the standards for courts to consider when scrutinizing a complaint pursuant to a Rule 12(b)(6) motion:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).

Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

> The plaintiffs need not provide specific facts in support of their allegations, Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam), but they must include sufficient factual information to provide the "grounds" on which the claim rests, and to raise a right to relief above a speculative level. Twombly, 127 S. Ct. at 1964-65 & n.3. The complaint must "provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005). Otherwise, a plaintiff with no hope of showing proximate causation could require inefficient expenditure of resources and potentially induce a defendant to settle a meritless claim. Id.

Schaaf, 517 F.3d at 549.

The debtor here raises issues of an improper reaffirmation of the Five Points Bank debt, but it appears the Five Points debt is not in dispute here. He also appears to be suggesting in his brief that the bank(s) may have colluded with one of the other A & G members to push the debtor out of

the business. However, the facts alleged in the complaint allege only that First State Bank, a post-discharge lender, is attempting to collect on a loan co-signed by the debtor. The statutory injunction against post-discharge collection efforts applies only to debts that arose before the date of discharge, so it is inapplicable here. 11 U.S.C. § 524(a)(2). The 2008 loan agreement with First State Bank was a new and separate financing transaction. It stands alone. The debtor entered into that financing arrangement well after receiving his bankruptcy discharge. The debt is not subject to bankruptcy laws simply by virtue of the debtor's previous bankruptcy filing. He took on this debt after his bankruptcy case had been completed, so the discharge injunction does not apply and First State Bank may take whatever steps it deems necessary to protect its interests.

IT IS ORDERED: First State Bank's motion to dismiss this adversary proceeding (Fil. #5) is granted.

DATED:     January 11, 2010

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    John P. Raynor
    *Steven P. Vinton
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.